375 P.2d 392

**STATE of Utah, Plaintiff and Respondent,**

v.

**James F. MATHEWS, Defendant and Appellant.**

No. 9608.

Supreme Court of Utah.

Oct. 29, 1962.

Phil L. Hansen, Salt Lake City, for appellant.

A. Pratt Kesler, Atty. Gen., Ronald N. Boyce, Asst. Atty. Gen., Salt Lake City, for respondent.

CALLISTER, Justice.

Defendant appeals from a judgment of conviction, following a jury verdict of

guilty, for "misusing public moneys" in violation of Section 76–28–59(1) U.C.A.1953.[1] Upon this appeal, defendant does not challenge the sufficiency of the evidence relating to the "appropriation" to his own use of public moneys, but does challenge the sufficiency of the proof that he was the Deputy County Recorder of Salt Lake County at the time the "appropriation" took place. In other words, it is his basic contention that it was incumbent upon the State to prove, beyond a reasonable doubt, that he was a de jure Deputy County Recorder at the time of the alleged offense.

Mrs. Nellie Jack was elected Salt Lake County Recorder in the election of November, 1958. She assumed that office on January 4, 1959. Two days prior thereto, the defendant had submitted an application for employment and had made application for a surety bond. On January 6, 1959, Mrs. Jack submitted to the Salt Lake County Commission, for approval, a list of requested employees. Defendant's name was included in this list. The Commission on January 7, 1959, approved all persons in this list with the exception of the defendant. However, on January 12, 1959, Mrs. Jack submitted a letter to the Commission requesting confirmation of her appointment of the defendant as Chief Deputy County Recorder.

Two days later the Commission confirmed the defendant's appointment, effective January 5, 1959. The bond of the defendant had been approved by the Commission on January 5 and on January 6 the defendant executed a printed oath of office form which was notarized by a deputy county clerk and filed in the clerk's office.

Mrs. Jack testified that she hired the defendant as Chief Deputy County Recorder when she took office in 1959 and delegated to him the duties of handling the money for the office. That the defendant remained in that capacity until May 1, 1961. The record discloses that on the last mentioned date the defendant, upon being informed of a prospective audit, disappeared and was not seen again until May 27, 1961, when he voluntarily surrendered himself to the police. The audit revealed a shortage of approximately $10,800.00.

The original complaint and information did not allege or designate the defendant to have appropriated the public money "while employed as Deputy Salt Lake County Recorder." This latter phrase was included in an amendment to the information proffered by the prosecutor just before he was to make his opening statement at the trial. The trial court, over the objection of the defendant, allowed the amendment.

---

1. "Every officer of this state, or of any county, city, town, precinct or district of this state, and every other person charged with the receipt, safekeeping, transfer or disbursement of public moneys, who either:

"(1) Without authority of law appropriates the same or any portion thereof to his own use, or to the use of another * * * is guilty of a felony."

Defendant, who performed the duties of Deputy County Recorder and received the emoluments thereof for approximately two and one-half years, now seeks to avoid his conviction upon the ground that he was never in fact or in law the Deputy County Recorder. It is his contention that he never took the oath of office required by our Constitution[2] and statutory law.[3] It is our opinion that the evidence presented by the State was sufficient to enable the jury to find, beyond a reasonable doubt, that the defendant was, for that period of two and one-half years, the de jure Deputy County Recorder. Although, we might state that had he been only a de facto officer, nevertheless, he could have been found guilty under the statute here involved.[4]

The defendant relies heavily upon this court's decision in Spangler v. District Court.[5] In that case a judgment of conviction was set aside because the arresting officer had merely signed a criminal complaint before a justice of the peace without taking a formal oath. While certain statements contained in that opinion might seem to lend comfort to defendant, the court also stated:

"* * * We do not hold that one who has himself signed the oath, may not in a proper case be estopped from asserting that he was not sworn, or did not intend to, or did not know that he was in effect taking an oath * * *."

To hold, in the instant case, that the defendant's conviction should be set aside merely because the State did not show with conclusiveness that the defendant went through some formal ritual, with the raising of his right hand, in taking the oath would be a travesty and permit a super technicality to defeat the ends of justice. The defendant did not take the stand as a witness on his own behalf and deny his oath or his assumption of the duties of Deputy County Recorder. His signing of the oath form which was duly notarized by a deputy county clerk (a person duly authorized to administer oaths) must be presumed to have been regular and in conformity with our Constitution and statutes. Furthermore, the defendant supplied a bond assuring his faithful performance of his duties as Deputy County Recorder to which he had been duly appointed by the County Recorder. These duties he performed (perhaps not faithfully) for almost two and one-half years and was duly compensated for his services as Deputy County Recorder.

In view of the foregoing conclusions it is unnecessary for us to decide whether or not, as claimed by the State, the defendant's

2. Article IV, Sec. 10.
3. 17–16–7, U.C.A.1953.
4. Burdick, Law of Crime, Vol. 2, Sec. 575K, and cases cited therein. See also:

Tooele County v. DeLaMare, 90 Utah 46, 59 P.2d 1155.
5. 104 Utah 584, 140 P.2d 755.

conviction could be sustained, regardless of his status as a Deputy County Recorder, upon the ground that he was nevertheless a "person charged with the receipt, etc., of public moneys." [6]

Defendant argues that the lower court erred in permitting the State to amend the information after the trial had commenced. He claims that the amendment had the effect of alleging new elements to the offense charged upon which he should be afforded another preliminary hearing. Although defendant objected to the amendment, he did not advance this argument to the trial court. Section 77–17–3, U.C.A. 1953 expressly authorizes the amendment of an information at any stage of the proceedings. It also provides that a ruling of a trial court permitting an amendment shall not be reviewable by this court unless the defendant had shown a reason why the trial should not proceed. This the defendant failed to do.

Defendant assigns as error several of the court's instructions given to the jury and the refusal of the trial court to give certain requested instructions. We have carefully examined the instructions as given and conclude that the jury was fairly and adequately instructed and no prejudicial error was committed.

The claim of the defendant that he was denied a fair trial because of the bias and prejudice of the trial court is without merit. This claim is not founded on any one ruling or remark, but rather on an accumulation of many alleged minor instances of bias. From reading the record it appears that the trial judge acted well within the considerable latitude permitted in dealing with counsel to expedite the trial.

The lower court properly refused to permit defendant's counsel to impeach the credibility of a State's witness by inquiring into a minor act of misconduct for which evidently there was not even an arrest made.

Defendant's contention that the statute under which he was convicted is unconstitutional, because of vagueness and indefiniteness, is without merit.

Affirmed.

WADE, C. J., and McDONOUGH and CROCKETT, JJ., concur.

HENRIOD, J., does not participate herein.

6. See, however: People v. Schoeller, 96 Cal.App.2d 55, 214 P.2d 572.